UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/24
```

UNITED STATES OF AMERICA,

-v-

TAYLOR FIELDS,

Defendant.

10-CR-391-65 (CM)

ORDER

McMahon, J.:

On October 15, 2012, Taylor fields pleaded guilty to racketeering conspiracy and narcotics distribution conspiracy. His Sentencing Guidelines range was 324-405 months' imprisonment. On April 15, 2013, the Court sentenced Fields to a term of 240 months' imprisonment (a downward departure from the applicable recommended Guidelines).[1] Fields' projected release date is December 4, 2027.

Before the Court is Fields's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 821 to the United States Sentencing Guidelines Manuel.

The United States Probation Department has conducted of review of defendants who are currently incarcerated and who might be eligible for a sentencing reduction, pursuant to Amendment 821 to the United States Sentencing Guidelines Manuel. Amendment 821 amended the Guidelines in two respects: (1) Part A amends Guidelines § 4A1.1, by reducing from two points to one point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven

---

[1] "I am going to depart downwardly on the basis of the defendant's age and his extraordinary family circumstances, but I am only going to depart downwardly from a level 40 to a level 36 so that the guideline range is 210 to 262 months." (1:10-cr-00391-CM; Document 1177, Sentencing Transcript at 22).

(7) or more criminal history points; and (2) Part B, amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria. The Sentencing Commission made these amendments retroactive effective November 1, 2023.

The Probation Department has determined that Fields is not eligible for a sentencing reduction under Amendment 821.

Although Fields' Guidelines range has been lowered as a result of Amendment 821, he is nonetheless ineligible for a sentencing reduction.

Since Fields had fewer than 7 criminal history points when he committed the instant offenses, under Amendment 821 (Part A), he is no longer subject to a two-point upward adjustment for his having committed the instant offense while under a criminal sentence. That reduces his Criminal History Category from II to I. At a Total Offense Level of 40 and a Criminal History Category of I, Fields' amended Guidelines range is now 292 to 365 months.' However, because the low end of Fields' revised Guidelines range (292 months') is greater than the 240 months' sentence he originally received, he is ineligible for a sentencing reduction. (*See* U.S.S.G. § 1B1.10(b)(2)(A) (A court is not permitted to reduce a defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range."

The motion is denied.

_____
Colleen McMahon
United States District Judge

Dated: June 24, 2024
       New York, New York